**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TONYA SUE GRIGGS,** | § | |
| **# 49288-177,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-2446-D-BK** |
| | § | **(CRIMINAL NO. 3:15-CR-044-D-12)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United

States Magistrate Judge for judicial screening.  Petitioner, a federal prisoner, filed a *pro se*

motion to vacate sentence under 28 U.S.C. § 2255.  For the reasons that follow, it is

recommended that the section 2255 motion be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to the unlawful use of a communication facility to facilitate a drug

trafficking offense, and was sentenced to 37 months' imprisonment and a one-year term of

supervised release.  Crim. Doc. 360.  She did not pursue a direct appeal.  In the two grounds

alleged in this timely section 2255 motion, Petitioner asserts ineffective assistance of counsel and

challenges the Court's denial of an adjustment under the Sentencing Guidelines for minor role.

Doc. 2 at 4-5.

**II. ANALYSIS**

This section 2255 motion is subject to summary dismissal.  "If it plainly appears from the

motion, any attached exhibits, and the record of prior proceedings that the moving party is not

entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving

party."  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court

presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes*,

*132 F.3d 1106, 1109 (5th Cir. 1998)* (citing *United States v. Shaid*, *937 F.2d 228, 231‑32 (5th*

*Cir. 1991)* (*en banc*)).  Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his

conviction "only on issues of constitutional or jurisdictional magnitude."  *United States v. Willis*,

*273 F.3d 592, 595 (5th Cir. 2001).*

To establish ineffective assistance of counsel, a petitioner must show that counsel's

performance was deficient and that the deficient performance prejudiced his defense.  *Strickland*

*v. Washington*, *466 U.S. 668, 687-688 (1984).*  Failure to establish either deficient performance

or prejudice defeats the claim.  *Id.* at 697.  To prove the deficient performance prong of the

*Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not

functioning as the counsel guaranteed by the Sixth Amendment.  *Id.* at 687.  The proper measure

of attorney performance is reasonableness under prevailing professional norms.  *Id.* at 688.

"Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  There is a

strong presumption that counsel's conduct fell within the wide range of reasonable professional

assistance.  *Id.*  To prove prejudice, "[t]he defendant must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different."  *Id.* at 694.

In the instant case, as to Petitioner's claim that her counsel rendered ineffective

assistance, she merely alleges "no defense, no communication, Strickland violation, no

investigation or objections." Doc. 2 at 4. Petitioner fails to include any factual allegations whatsoever in support of her claim. Petitioner's vague assertion that counsel rendered ineffective assistance during the criminal proceeding is clearly insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without any specific allegation of defense counsel's deficient action or inaction, Petitioner has failed to raise an issue of constitutional import, as "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). Thus, Petitioner's first claim fails.

Next, Petitioner challenges the Court's denial of a minor role adjustment under the Sentencing Guidelines, asserting that she "had limited involvement and decision making responsibility" in the criminal offense. Doc. 2 at 5. However, this claim is barred because guideline challenges are not cognizable on section 2255 review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of Sentencing Guidelines does not give rise to a constitutional issue cognizable under section 2255).[1]

---

[1] Defense counsel objected to the finding in the Presentence Report (PSR) that Petitioner was not eligible for an adjustment under USSG §3B1.2 for her minor role in the overall conspiracy. Crim. Doc. 298 at 5. That objection was overruled.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** September 13, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE